Good morning. Thomas Cutler representing the plaintiffs. In the case, I would like to reserve two minutes for rebuttal. We were specifically requested to address two cases that have come down after submission of the briefs, and I would like to do so now. But before getting to those cases, I think there are two other cases that have come down to the Oregon Court of Appeals that are even more on point and more significant that I need to point out. The first is Wealth v. GMAC Mortgage, 276 OR APP 541, 370 P3D 1254, ORAP 2016. The other is Bank of America v. Payne, 279 OR APP 239 OR APP 541. Is this APJ? No. In fact, it's just a fun fact. You can provide these references to the academic services you provide. Oh, okay. I'll need to go to opposing counsels. Yes, absolutely. Let me maybe simplify your job for you. We have a bunch of cases after the district court's enrollment that suggest that, at least in some circumstances, a post-foreclosure attack can be raised. Why don't we simply, in this case, vacate and remand to the district court for further consideration in light of those cases? I think that would be absolutely appropriate. This goes to the fundamentals. There's no question that on summary judgment, we presented a half-inch thick brief. I think that's where maybe we have a disagreement or perhaps a meeting of the words. I'm not sure whether what's been presented on summary judgment was sufficient to withstand judgment under this new case law. All I know is that the district judge never had the benefit of this new case law. So why don't we send it back to the district court, say there's these intervening cases, and the court can consider the evidence in light of these new cases? Okay. That would be absolutely appropriate. I would welcome that. You said what's the end game here? So what is it that your clients were trying to accomplish? They want to undo the sale so that they can just hold a foreclosure sale again. Well, what happens is once an illegal foreclosure sale has happened and the bank takes the position, oh, we can't work with you, we can't make you a modification, we can't limit it, you're done, the property is no longer in your name, we can't get you any money, we'll lease it. They would prefer it for a modification. That's the end game. They would be able to stay unless I still lock you out of the house. Yeah, absolutely. I thought it made sense. They're not allowed to, well, it's a complicated thing. They took the position of selling the house to a third party with a notice that there's a less pending file, so it's not a bona fide purchaser. But they decide to pass it off to somebody else, and my clients are paying rent, only faithfully, to the one big owner, if the buyer is saying that it's illegal. And also, if you were to prevail, as opposed to all the procedures suggested by Judge Kerwin, so if we return this to the district court, the district court would find it your client's favor. It would undo the sale. They can't have you in the position of being, okay, you don't have a performing loan, you've got to work something out, or the bank can proceed with a judicial foreclosure. I don't know what happens to the people who think they can't own the house and they're receiving rent. Well, I can't just disclose the terms of the agreement that was reached in terms of making them work with those folks. But as a matter of fact, they have purchased nothing because the title is the title. It either was a valid sale and the trustee had the power and authority to hand off title, or the trustee wasn't actually a trustee, was acting as an imposter, had no authority to pass off title, and so they received no title. And so they may very well have a beef with the defendant who purported to sell them a built building. Let's go back to Judge Piper's question. Your clients were in default on that side of the contest. The question is to whom? I understand. They didn't pay it. Yes. There's no dispute about that part. Can the lender foreclose on its security under your view of the law? If they are considered the lender and they can go in to someone, do you think it's okay to keep the house and not pay? Someone could. Someone could, absolutely. I mean, who couldn't? The entity that can come in and demonstrate that they are the present beneficiary. Your view of the law is that nobody can show that they're the present beneficiary. So I guess I'm asking Judge Piper's question in a slightly more pointed way. Is there any agreement that you get to keep the house and not pay? Absolutely not. Absolutely not. Any more questions? What is this agreement? You have agreement with the punitive purchaser? Yes. And why can't you disclose that? Well, it's a settlement, a comprehensive settlement agreement. I don't remember. I'm fully aware of the dependency of the CPO, the fact that they might be placed in a small case, and there was notice, there were unnoticed. Okay. And you've, without disclosing it, you should work at something with them so they can be made whole. Absolutely. Absolutely. What we do is point out the way in which the law is being used. And that deals with the scenes of declaration. So yes, and both that and in text, you've got a couple of different arguments. And the district court recites that a well-known third party, a jewel actually, a well-known third party purchased a securitized loan before the FDIC seizure of Walnut's assets, which were then made to Chase Bank. But the point goes to ask, well, I don't think there's anything, I don't think you've presented any evidence here. Then the district court recites your second grounds and says, there's no evidence that's provided here. So if you fail to come forward with evidence on summary judgment, you just defer to summary judgment. Well, first of all, I would ask the court to review de novo our summary judgment findings. The court, first of all, it's just absolutely not true that we didn't submit evidence on that. The compelling weight of the evidence, even if you're going to weigh the evidence, which you're not supposed to do at this point, even the weight of the evidence, especially with all of the risk-tolling, for instance, in all favor, demonstrates that the defendant actually admitted that you were the servicer, not the beneficiary. In other words, it was only the servicer, not the beneficiary. Under Oregon's custody law, only the beneficiary can appoint a successor trustee. If the successor trustee was wrongfully appointed, then there was no sale. So, and I want to point you to the judge's oral comments on the record that clarify what the judge actually did in this case. He says in ER 34, I think that there wouldn't be any merit to the argument that you did not preserve this point about .770 not having a conclusive effect. I am going to be basing my specifics solemnly and entirely on that statute. So, I think when you take it up out to the Ninth Circuit, you can do whatever you wish to do, and they've already mentioned that you don't want to take it any longer. It has to be certified to the Oregon Supreme Court. I'm not going to allow any further discovery at this time. I don't see any further need for any briefing. So, we're asking, hey, look, we've only been given a partial motion to compel on the evidence. There's still a bunch of evidence that they're withholding from us, but even on this limited record, we can show that they've admitted that they're not the beneficiary. They've admitted that they are the servicer only. And there are two problems with that, because only the beneficiary can appoint the successive trustee, but also under the Oregon Trustee Act, only the beneficiary can even decide whether this is supposed to be an official or a non-official foreclosure. Those two acts aren't even delegable under the statute. They might have an agent, servicer, follow through and do the network of the acts of foreclosing, but they have to have weighed in on whether it gets foreclosed at all, and they have to have been the one to have appointed the successor trustee. In this instance, it's undisputed that the entity that appointed the successor trustee is the defender, and that is absolutely not supported by the evidence. And please, read our full half-inch of submissions on summary judgment. It is not only persuasive, it is compelling. Even though we have such limited discovery allowed to us, I have a point in the proceeding. If you would be able to reserve the remaining time for rebuttal. Yes, thank you. Thank you, Mr. Farrell. Good morning, Your Honors. I'm Michael Farrell on behalf of the MLE JPMorgan Chase Bank, and I would first like to point out that we disagree with what the evidentiary record shows. The evidentiary record shows that Chase holds the original note endorsed blank. But do we have to reach that issue? Once again, the district judge was quite, quite clear, I thought. He said, I'm ruling in favor of your client, because we don't think any challenge can be made post-foreclosure under any circumstance. We now have a bunch of cases, correctly or incorrectly, decided to settle this issue. Let's say there is a post-foreclosure challenge that can be made under limited circumstances. Why shouldn't we just ask the district judge to apply that law to the evidence in front of him and reach a conclusion? Well, I first think, Your Honor, it would be futile because he would just be able to win. He would win. He would win in front of our district judge. Correct? The record before this morning was before the district court establishes that Chase does hold the note. So, again, what's wrong with my suggestion that we let the district judge tell you, in the first instance, rather than asking us to go through these issues? Can I ask something? Go ahead. I'll raise two points, Your Honor. First is I think that the district court did decide that already, that Chase holds the note, prevails on the merits, and that's in the record. And to say that Chase said it was only the service, or not the beneficiary, ignores. The district judge said, and I can't find the exact quote, but I'll find it. Just to be clear, I'm ruling for you on the basis of the bar here. Not on any other basis. Did I speak at once or tell me I'm ruling? His comments, you're right, you're correct, Your Honor. His comments and oral arguments said that, however, the order and opinion he issued state that Chase holds the note, endorsed in blank. It states that the plaintiff failed to provide any evidence to the contrary. And then in part, he uses the words, moreover. What do you do with your opponent's argument that they were only discovering and that if this were an issue, they would be entitled to more discovery? Your Honor, first, I would say that in order to oppose a motion for summary judgment because of inadequate discovery, you have to apply what's called 56F. That requires you to specify the facts that you intend to get. You have to specify by affidavit that those facts exist, and how those facts are necessary to your opposition. And there was no such affidavit. There was no such summary judgment. But you opposed discovery of the decision? Actually, we had a motion to compel, and we were ordered to produce all documents in the chain of title, successor, beneficiary documents, and those were produced. And those still did not give the facts that they're fishing for to come up with some theory that notwithstanding possessing the original note, endorsed in blank, we don't, we are not the beneficiary of the deed of trust, which follows the note by operation of law. So if I understand you correctly, if I get this wrong, in an oral argument, the district judge says, I'm only ruling on the statutory issue. In a footnote, he seems to suggest he's making a two-pronged decision, but he never discusses in any meaningful detail the basis for saying that there's no genuine dispute on the fact of the evidence. Doesn't that combination of circumstances create enough of an ambiguity rather than having to hypothesize that, in fact, he addressed the evidence that he doesn't discuss? Or ourselves, if you want to take a no-vote review of that, since the heart and soul of what he seemed to be saying was the statutory issue. If you disagree with him on the statutory issue, or at least the argued courts have created a new set of circumstances. We'll set it back, and then he could discuss in a meaningful way that we could assess on appeal and testimony the evidence if that's the road he wants to come. Your Honor, the district court statement that Chase holds the note endorsed in blank is in the text of the opinion in order of value of the footnote, as is the statement that plaintiff has produced no evidence to the contrary to support their theory, as is the following word, moreover. Yeah, but my point is, and thank you for courting me for the way I was, but my point is there's no detailed discussion of the story you would normally expect in an opinion that was granting summary judgment on the lack of evidence if you will, that you would normally see the district court saying, you know, plaintiff's point to this is this, but that's not really evidence of any cause of such and such. It's not as if they didn't put in some papers they did. So it seems much more like a throwaway. And even if it's not, it doesn't look like the kind of analysis that we would normally expect of the district court if you were granting it really on that issue. Your Honor, I believe that the reason it was covered so lightly is because it was undisputed that Chase does in fact hold the note and it was just a concluded fact by the judge. He doesn't further evaluate it other than in the footnote to say that evidence they presented was just, you know. He can't conclude a fact. All he can conclude is that there's no evidence that a reasonable fact finder could find to the contrary. Right. That would be the standard of summary judgment. Correct. Your Honor, you're down to three and a half minutes. I assume you were sharing time with the co-counsel. We are, Your Honor. I would like to briefly address the post-summary. Mr. Morgan, we're going to cut into your co-counsel's time. We've agreed that I would take a little bit more, and I'll wrap it up in a minute. I don't believe it would be appropriate to remand this case based upon the Oregon Court of Appeals decision at Wolf. Since this case was decided in brief, there have also been numerous cases upholding the post-sale bar, both the Woods case and D. Gregorio, which both say that strict compliance with all technical requirements of the Oregon Trustee Act were not required. Both of those cases just missed post-sale challenges. I've read those cases, and I want to reserve some time for your comment, but none of those cases, and I'm not sure quite what it is your opponent alleges, which is one of the reasons that remand has some traction for me, but that's a sign that what he's alleging is that the trustee was not appointed while he was a beneficiary. I don't see three of those cases that deal precisely with that issue. There are two cases that deal exactly with that issue, and the first is the Wolf case cited by Opposal Counsel, which the Oregon Court of Appeals held that alleged invalid appointment of a trustee is a sufficient basis to challenge a sale post-sale. However, this court in the Angels Alliance case, which is cited here, was not presidential. Correct. It was not presidential. Also before all the Oregon cases. Correct. I don't understand how you think D. Gregorio supports your position that D. Gregorio went to great lengths to say they agree with Wolf. D. Gregorio agreed with Wolf on the trustee issue, but otherwise said the Wolf court decided to address whether strict compliance with every provision of the OTDA was required. D. Gregorio said we're going to address that question. We decided strict compliance with every provision is not required. You cannot bring a post-sale challenge to every technical defect. However, they agreed with Wolf that you could ask the trustee. I believe this court's opinion in Angels Alliance is a better reasoned opinion, and I believe the Oregon Supreme Court would follow that case. I would also point out in Wolf they didn't allege that the trustee was properly appointed, as we have alleged in the establishment of this case. And with that, I'm going to leave. Let me ask one more question, Susan. I know you're in Angels Alliance. I was on that panel and I tried to go back and figure it out. Is it clear from the text of that decision that it deals with that it doesn't simply deal with a failure to record argument? It is the MERS appointed the trustee. No, I was trying to go back and dig into the facts of the case, and I'd say it's like yours, but on the face of the MemDisc, it seems to me that maybe it only deals with the failure to record. It is supposed to be inability to appoint the trustee. It was the inability to appoint the trustee, Your Honor. Okay, thank you. Thank you, Mr. Carroll. May it please the Court, Your Honor, as I call on you, Your Honor, before you get started, I'm going to give you just one minute, and I'm going to point something out to you. There's a limit on your time as well. Okay, thank you, Your Honor. As I said, may it please the Court, I'm Calum Enderbonger from Northwest Justice Services. My question would be brief, and I'll try to address your question correctly in terms of why not remand any cases that have come subsequent to our initial briefing, including the Woods case, which is our initial case that we published, state very clearly that post-sale challenges cannot be upheld or made with very few exceptions. Very few exceptions are where they directly harm the borrower in terms of there was no default or there was the lack of notice. And so if we send this back to the district for, well, does everyone agree that we're going to prevail based on the cases that have already been paid by this? Don't count the cases. I'm not sure the lack of authority to appoint a trustee case. I mean, concerning the Oregon case, what it says, if the trustee did not have authority to conduct the sale, then you still have a post-foreclosure challenge. Am I correct in reading the Oregon case on that way? None of the actions have demonstrated prejudice. The one case, the Wolf case, you know, it says in that specific set of facts that that's true. Okay, so that's his allegation. I have no idea whether he's had any evidence to support that allegation. But if there were evidence to support that allegation, do you agree that Wolf would preserve a claim, even in the absence of demonstrating prejudice? Respectfully, Your Honor, I should disagree with that because I think the support in Woods kind of set out a very narrow rubric where it uses the very borrower's right in terms of being able to challenge where the lack of notice exists. Just a special answer. If you're in front of the Oregon Court of Appeals, the Oregon Court of Appeals, we're required to follow its decision in Wolf? Right. That would not be a course of action here. There may be, Your Honor. I understand, you know, you're discussing about what Oregon law is. Correct. But I think, as this Court also noted in the Woods case, you know, federal courts do, honestly, talk all the time, and we have two very on-point pieces in this circuit that says these post-sale challenges can be upheld. No, I'm not sure I understand your argument. Federal courts interpret the law of the states, but where the state courts have spoken, they're the masters. We have to follow what the state courts say now and we follow what the highest state court has said. But by the end of the day, and I really reintroduce this to the court cases, both Wolf and the Court of Corio have said something different than what we originally made the deal with. Well, we can't disregard that account and be both bad and different. I think you can interpret their opinion and say that based on both prior rulings as sort of in view of Corio, and you may believe in view of Corio, as far as our intention, that this is not a material defect as far as we are at the end of the day. But that's what I'm trying to say. It's not a matter of personal opinion. It exists in the court. Let's go on. Thank you, Your Honors, and thank you for the additional time. So, first of all, it was absolutely factually disputed and in the record that they were not a beneficiary, that they were not anything but a servicer. Again, the arguments that were made on the other side were correct, and this clerk would have no choice but to do a de novo review, go through that, and the interest of documents on summary judgment. And I saw a clerk for the first year of my practice. I saw an entire year's worth of documents, summary judgment submissions. This is not a summary judgment case, if you read the end. Especially, it was fascinating to see the court's comments and footnotes and that sort of thing. Especially after he had made it very clear that what he was doing was just, it was like a statute of limitations. We're just going to decide on the bar, and, you know, you didn't fail in time or whatever. The limited facts that you're going to be entertained, once you've decided that it's a bar. So there wasn't any serious consideration of the evidence in a summary judgment. And it is just absolutely disingenuous to say that this was a case that prevailed on the absence of evidence or the merits of the case. This goes to the fundamentals of a trustee act. It goes to the fundamentals of property law. It goes to the fundamentals of appointing a trustee. Only the set law, or even in estate planning purposes, can be the one to appoint the trustee. You can't have all the way, and Mabel said it was okay, but I guess, you know, Mabel can sign all the documents. No. It's the set law. You have to appoint a successive trustee. The Oregon legislation made it clear that that was foundational, fundamental. It says if you have a trustee, and if that trustee follows the law and is a legal sale, then the individual is cut off from their right of first demonstration. That's what the 4ROS 86-770 is all about. All the cases that were cited in decades prior to the downturn in the economy and all the foreclosure cases since then, 770 has solid basis for saying, yeah, that was the trade-off. You can have a right on the court. There's certainly a time that you can foreclose. You can have to give up your right of deficiency. You're well over your time. You may want to stop. Thank you. Appreciate your time. Thank you. The case of Morris vs. Northwestern Ski Services is ordered to submit it to the State Health Council for the argument. Next case on the oral argument calendar is Rother vs. Lupitico.
judges: Bybee, Hurwitz, Rakoff